# HYDRO-KLEAN, LLC

## AGREEMENT NOT TO COMPETE

This, **AGREEMENT**, made and entered into this 20 day of April, 2020, by and between Hydro-Klean, LLC, an Iowa Corporation (hereinafter referred to as the "Corporation"), and John Cassidy (hereinafter referred to as "Employee").

### WITNESSETH:

**WHEREAS**, the Employee desires to become employed by the Corporation; and

**WHEREAS**, the Corporation desires to employ the Employee; and

**WHEREAS**, through Employee's employment with the Corporation, the Employee will have access to training and the Corporation's confidential information regarding its processes, clients and business plans; and     **WHEREAS**, the Employee Employee desires to obtain and/or maintain employment and hereby consents to the execution of an Agreement Not to Compete for the reasons hereinabove set forth.

**NOW, THEREFORE**, in consideration of the foregoing, it is hereby mutually agreed as follows:

1. That, during the term of the Employee's employment with the Corporation and for a period of two (2) years thereafter, whether the employment is terminated by the Corporation, by Employee, or by mutual consent, the Employee shall not, directly or indirectly, individually or as a partner, shareholder, principal, employee, agent, officer, director, investor, manager, trustee, solicitor, representative, counsel, or in any other capacity participate or engage in, become associated with, or render services to any business competing with the business of the Corporation within the Restricted Area (as that term is defined below). In addition, during the term of the Employee's employment with the Corporation and for a period of one (1) year thereafter, whether the employment is terminated by the Corporation, by the Employee, or by mutual consent, the Employee shall not directly or indirectly, individually or as a partner, shareholder, principal, employee, agent, officer, director, investor, manager, trustee, solicitor, representative, counsel, or in any other capacity participate or engage in any business with Green Plains Renewable Energy Inc. ("GPRE").



2. The term "Restricted Area" means the area within a radius of two hundred (200) miles from all Hydro-Klean, LLC. Corporation offices, including, but not limited to, the Corporation's offices in Des Moines, North Mankato, Sioux Falls and Watertown and any additional or different offices opened during the term of Employee's employment.

3. Employee acknowledges and agrees that, in the view of the Employee and the Corporation, all trade secrets, know-how, records, customer lists, techniques, methods and procedures for the operation of the Corporation's business, forms and other information obtained or developed by the Employee in the course of his/her employment with the Corporation are confidential and are the exclusive property of the Corporation. Inasmuch as the Employee will, during the course of his/her employment with the Corporation, receive from the Corporation or otherwise obtain such confidential information, the Employee agrees that he/she shall not, during the term of his/her employment, retain or make copies of, disclose, use or remove from the office of the Corporation, any such trade secrets, methods, systems, customer lists or other information concerning the business of the Corporation, except that which is necessary and required in Employee's employment. Upon termination of his/her employment for any reason, by resignation or otherwise, Employee agrees not to retain, use, disclose, furnish, or make accessible any of the foregoing information, forms or other documents to any person, firm or entity for any purpose or reason except as expressly allowed in writing by the Corporation.

4. Employee acknowledges and agrees that the geographical area of the Restricted Area for purposes of this Agreement is necessary and appropriate to protect the justifiable business interests of the Corporation, and that to limit the covenants set forth herein in any manner would prevent the Corporation from adequately protecting its bona fide and justifiable business interests, and would frustrate the intent of both the Employee and the Corporation because, without limitation, the Corporation would not have agreed to offer employment to the Employee. The Employee also acknowledges, agrees and warrants to the Corporation that the covenants contained herein are reasonable and consistent with the rights of the Corporation to protect its business, and are not to be held invalid or unenforceable because of the scope of the area, actions subject hereto or restricted hereby, or the period of time within which such restrictions are operative.

5. In the event the covenants contained herein are deemed by a court or other applicable authority, notwithstanding Paragraph No. 4 hereof, to be overbroad in terms of the scope of the area, actions subject hereto or restricted hereby, or the time period within which such restrictions are operative, the Employee expressly authorizes and directs the Court and/or other applicable authority to enforce the covenants contained herein to the full and maximum extent the Court or other applicable authority finds permissible under applicable law.

6. In view of Employee's access to confidential information of the Corporation as set forth in this agreement, and in consideration of the

value of such property to the Corporation, and in consideration of the other benefits provided to the Employee in this agreement, Employee expressly acknowledges that the covenant not to compete and related restrictive covenants set forth in this agreement are reasonable and necessary to protect and maintain the proprietary and other legitimate business interests of the Corporation and that enforcement of the covenants will not prevent Employee from earning a living. Employee further agrees that in the event of an actual or threatened breach by Employee of any such covenant, the Corporation would be irreparably harmed and the full extent of injury resulting from the breach would be impossible to calculate, leaving the Corporation without an adequate remedy at law. Employee agrees, therefore, that the following remedies are warranted in the event of a breach:

a. Temporary and permanent injunctive relief is an appropriate remedy for Employee's breach, without bond or security; provided, that nothing herein shall be construed as limiting any other legal or equitable remedy available to the Corporation for such breach.
b. In the event the Corporation is required to retain an attorney to enforce the terms of this Agreement, the Employee shall be liable for all attorney's fees and costs incurred by the Corporation in enforcing this Agreement.
c. In the event the Employee breaches this Agreement, the term set forth in paragraph 1 shall be extended by the length of any breach including the time spent enforcing this Agreement.

7. This Agreement has been entered into and shall be governed by and construed in accordance with the laws of the State of Iowa.

**Hydro-Klean, LLC**

Date: _____, 20___.

_____
Wade Anderson
President

Date: 04-20, 2020

_John Cassidy_
_____, Employee

5046007tier2